**Opinion issued December 19, 2024**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

**NO. 01-24-00923-CV**

————————————

**CHANNELVIEW MHP, LLC, Appellant**

**V.**

**GRACIE HERNANDEZ, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF MARIO MARTINEZ, Appellee**

---

**On Appeal from the 189th District Court**
**Harris County, Texas**
**Trial Court Case No. 2023-29201**

---

**MEMORANDUM OPINION**

Channelview MHP, LLC ("Channelview") seeks permission to bring a permissive interlocutory appeal in this Court from the trial court's October 24, 2024 order denying Channelview's "Amended Traditional Motion for Summary

Judgment." *See* TEX. CIV. PRAC. & REM. CODE § 51.014(d), (f). We deny Channelview's petition and refuse to accept this permissive interlocutory appeal.

Subsection 51.014(d) of the Texas Civil Practice and Remedies Code states that a trial court "may, by written order, permit an appeal from an order that is not otherwise appealable" if: (1) the order sought to be appealed "involves a controlling question of law as to which there is a substantial ground for difference of opinion" and (2) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." TEX. CIV. PRAC. & REM. CODE § 51.014(d); *see also* TEX. R. CIV. P. 168 ("On a party's motion or on its own initiative, a trial court may permit an appeal from an interlocutory order that is not otherwise appealable, as provided by statute.").

The Texas Rules of Civil Procedure further require that, where a trial court permits an appeal from an interlocutory order that is not otherwise appealable, the trial court's "[p]ermission must be stated in the order to be appealed," the "permission must identify the controlling question of law as to which there is a substantial ground for difference of opinion, and [it] must state why an immediate appeal may materially advance the ultimate termination of the litigation." TEX. R. CIV. P. 168.

Where a trial court has permitted an appeal from an interlocutory order that is not otherwise appealable, the party seeking review then "must petition the court of

appeals for permission to appeal." TEX. R. APP. P. 28.3(a). The petition for permission to appeal must attach "a copy of the order from which appeal is sought." TEX. R. APP. P. 28.3(e)(2)(A).

Here, while Channelview's petition for permission to appeal attaches an order signed by the trial court on October 24, 2024 denying its Amended Traditional Motion for Summary Judgment, the trial court's order is silent on the subject of permission to appeal the interlocutory order. Further, there is nothing in Channelview's petition for permission to appeal indicating that the trial court granted Channelview permission to appeal the October 24, 2024 order, nor that Channelview sought permission from the trial court to appeal the October 24, 2024 order.

Accordingly, the trial court's October 24, 2024 order does not comply with the plain, mandatory language of Texas Civil Practice and Remedies Code section 51.014(d) and Texas Rule of Civil Procedure 168 which would permit Channelview to seek permission from this Court to appeal the order. Similarly, Channelview's petition for permission to appeal fails to comply with the plain, mandatory language of Texas Rule of Appellate 28.3 and Texas Rule of Civil Procedure 168 because Channelview has failed to attach an order establishing that the trial court granted Channelview permission to appeal the October 24, 2024 order.

For these reasons, in accordance with subsection 51.014(g) of the Texas Civil Practice and Remedies Code, we deny Channelview's petition and refuse to accept this permissive interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(g).

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Rivas-Molloy and Gunn.